UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 716 PENSION FUND,<br>  *Plaintiff*,<br><br>  *vs.*<br><br>STONES & RHODES TRUCKING CO. INC., AN INDIANA CORPORATION,<br>  *Defendant.* | )<br>)<br>)<br>)  1:12-cv-00493-JMS-MJD<br>)<br>)<br>)<br>)<br>) |

## ORDER

Presently pending before the Court is Counter-Defendant Board of Trustees of the Teamsters Local Union No. 716 Pension Fund's (the "Board") Motion to Dismiss Counts One, Two, Three and Four of Defendant's Counterclaim. [Dkt. 54.] For the following reasons, the Court grants in part and denies in part the Board's motion.

## I.
### BACKGROUND

On July 1, 2007, Counter-Plaintiff Stones & Rhodes Trucking Co., Inc., ("S.R. Trucking") entered into a collective bargaining agreement with Teamsters Local Union No. 716 (the "Union"), which acts as the bargaining representative of S.R. Trucking's union employees. [Dkt. 1-1.] By executing the collective bargaining agreement, S.R. Trucking also became bound to a pre-existing trust agreement, [dkt. 25-3.], which had established a pension plan for union employees. [Dkt. 1-1 at 12.] The pension fund ("Fund"), which is administered by the Board, receives contributions from multiple employers, thereby qualifying it as a multiemployer plan under 29 U.S.C. § 1002 of the Employee Retirement Income Security Act ("ERISA"). [Dkt. 25-3 at 8.]

The terms of the collective bargaining agreement required S.R. Trucking to make certain contributions to the Fund based upon the gross weekly pay for each employee covered under the terms of the collective bargaining agreement. [Dkt. 1-1 at 18.] The collective bargaining agreement further required S.R. Trucking to "maintain time and pay records at the Employer's place of business, showing compliance with" the collective bargaining agreement. [*Id.* at 10.] The trust agreement granted the Board or its agent authorization to

> examine the payroll books and other related records of each Employer whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund or the determination or collection of contributions claimed to be due or past due from such Employer.

[Dkt. 1 at 3, ¶ 11.] The trust agreement further states:

> Upon request from the [Board], employers are obligated to promptly furnish to the Trustees, 'all records concerning the classification of his employees, their names, social security numbers, amounts of wages paid and hours worked and any other payroll records and information that the trustees may require in connection with the administration of the Trust Fund….'

[*Id.* at ¶ 12.] (alteration in original).

In November 2010, S.R. Trucking received notice of the Board's intent to audit its pension plan contributions. [Dkt. 25-7.] In February 2011, the Board exercised its authority under the trust agreement to conduct a compliance audit of S.R. Trucking for the period of "January 1, 2003 to current." [Dkt. 25-8.] S.R. Trucking did not comply with the Board's request, and expressed to the auditor that certain records requested were either unavailable or not kept. [Dkt. 25-11.] In April 2012, the Board filed an action against S.R. Trucking, alleging one count of breach of contract based upon S.R. Trucking's failure to furnish the requested payroll records to the Board's designated auditor. [Dkt. 1.]

In August 2012, S.R. Trucking filed Defendant's Counter-Claims Against Plaintiff Board of Trustees of the Teamsters Local Union No. 716 Pension Fund, asserting three state law claims

and one federal claim against the Board.  [Dkt. 25.]  The Board responded by filing the motion presently before the Court, [dkt. 54.], and its accompanying Memorandum of Law in Support of Plaintiff's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Count One, Two, Three and Four of Defendant's Counterclaims.  [Dkt. 55.]  S.R. Trucking failed to submit a timely response to the Board's motion, compelling the Court to take notice of the provisions of Local Rule 7-1, which state in pertinent part that "[t]he court may summarily rule on a motion if an opposing party does not file a response within the deadline."  S.D. Ind. L.R. 7-1(c)(5).

## II.
### STANDARD OF REVIEW

### A.  Subject-Matter Jurisdiction

When an action is brought before a district court, the threshold question that must first be answered, irrespective of the nature or characteristics of the action, is whether the Court has subject-matter jurisdiction over the underlying claims.  *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986).  Indeed, the Seventh Circuit Court of Appeals mandates that once a challenge to the Court's subject-matter jurisdiction has been raised, or the Court has reason to believe that its subject-matter jurisdiction may be defective, the Court must resolve the jurisdictional issue before reaching the merits of the case.  *Id.* at 929.

"When ruling on a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."  *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).  However, "[t]he plaintiff has the obligation to establish jurisdiction by competent proof.  The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question."  *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999) (citation omit-

ted). "At that point, a court need not close its eyes to demonstrated jurisdictional deficiencies in a plaintiff's case and accord a plaintiff's unproven allegations greater weight than substantive evidence to the contrary." *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).

Unlike Rule 12(b)(6), when a motion to dismiss is brought under Rule 12(b)(1), the motion may be supported by extraneous evidentiary material without triggering conversion into a motion for summary judgment. *Crawford*, 796 F.2d at 927. "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject-matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

### B. Failure to State a Claim

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotation omitted). In reviewing the sufficiency of a complaint, the Court must accept all well-pleaded facts as true and draw all permissible inferences in favor of the plaintiff. *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

A motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011) (citing *Iqbal*, 129 S. Ct. at 1951). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (quotation omitted).

This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (quoting *Iqbal*, 129 S. Ct. at 1950).

## III.
### DISCUSSION

The Board asserts that each of S.R. Trucking's counterclaims should be dismissed, either on grounds that this Court lacks subject-matter jurisdiction or because of S.R. Trucking's failure to state a claim upon which relief may be granted. The Board argues the former for Counts I-III and the latter for Count IV of S.R. Trucking's counterclaims. The Court will address each issue in turn.

### A. Subject-Matter Jurisdiction of State Law Claims

S.R. Trucking's counterclaims consist of four counts, three arising under Indiana law (Counts I-III: Fraud, Defamation, and Tortious Interference with a Business Relationship), and one arising under 29 U.S.C. § 186 of the Labor Management Relations Act ("LMRA"). [Dkt. 25 at 15-20.] S.R. Trucking asserts that the Court has subject-matter jurisdiction over its counter-claims under both the ERISA and the LMRA. [Dkt. 25 at 1.] With respect to the state law claims, the Board challenges these subject-matter assertions, and instead argues that the Court has no subject-matter jurisdiction under either. [Dkt. 55 at 8.] The Board further argues that S.R. Trucking is unable to avail itself of supplemental jurisdiction under 28 U.S.C. § 1367, as S.R. Trucking's claims do not share a common nucleus of operative fact with either the Board's underlying claim or its own federal claim under 29 U.S.C. § 186. [*Id.* at 8-9.]

#### i. Jurisdiction Under ERISA & LMRA

As noted above, S.R. Trucking asserts that the Court's jurisdiction over its counterclaims is derived from both the ERISA and the LMRA. [Dkt. 25 at 1.] Specifically, S.R. Trucking cites "29 U.S.C. Sec. 1001, et. seq.," and "29 U.S.C. Sec. 185" as vesting jurisdiction with the Court.

[*Id.*] However, upon closer inspection of the relevant statutory provisions, it appears that S.R. Trucking is misguided in its reliance on ERISA to establish jurisdiction. ERISA's provisions on civil enforcement provide in pertinent part:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title.

29 U.S.C. § 1132(e)(1). The statutory definitions provided in 29 U.S.C. § 1002 for the terms "participant," "beneficiary," "fiduciary," and the "administrator of a defined benefit plan" referenced in 29 U.S.C. § 1021(f)(1) are equally preclusive of any interpretation that would bring an *employer*, such as S.R. Trucking, within the scope of 29 U.S.C. § 1132(e)(1). Accordingly, S.R. Trucking is unable to invoke section 1132(e)(1) as a basis for the Court's subject-matter jurisdiction.

Similarly, the Board argues that section 185 of the LMRA is equally inaccessible to S.R. Trucking. [Dkt. 55 at 8.] That section of the LMRA provides in pertinent part:

> Suits for violation of contracts *between an employer and a labor organization* representing employees in an industry affecting commerce as defined in this chapter, *or between* any such *labor organizations*, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (emphasis added). Under the LMRA, "labor organization" is defined as

> any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

29 U.S.C. § 152(5).

Again, it appears that S.R. Trucking is misguided in its reliance upon the LMRA to vest subject-matter jurisdiction over its state law claims. Neither qualifies as a "labor organization,"

- 6 -

which is an indispensable prerequisite to invoking the jurisdictional provisions of 29 U.S.C. § 185.  Accordingly, the LMRA is unavailable to S.R. Trucking as a basis for establishing subject-matter jurisdiction over its state law claims.

Although it is apparent that S.R. Trucking has failed to establish a valid independent basis for the Court's exertion of subject-matter jurisdiction over its state law claims, the inquiry does not stop here.

### ii. Supplemental Jurisdiction

Under Federal Rule of Civil Procedure 13(a), a defendant must bring any and all counterclaims that it has against the plaintiff if the claims:  (a) arise out of the same transaction or occurrence which gave rise to the plaintiff's underlying claim; and (b) does not necessitate the addition of a third-party over whom the Court cannot exercise jurisdiction.  The Rule also allows a defendant to bring any counterclaim it may have against the plaintiff that is not otherwise compulsory under Rule 13(a).  Fed. R. Civ. Pro. 13(b).  However, where a district court's subject-matter jurisdiction over the underlying action is derived from federal question jurisdiction, the provisions of 28 U.S.C. § 1367(a) must be satisfied before supplemental jurisdiction can attach to any state law claims brought under Rule 13(b):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other *claims that are so related* to claims in the action within such original jurisdiction that *they form part of the same case or controversy* under Article III of the United States Constitution.

*Id.* (emphasis added).

Prior to the codification of 28 U.S.C. § 1367(a), the United States Supreme Court held that for a district court to exercise jurisdiction over state and federal claims brought together,

> [t]he state and federal claims must derive from a common nucleus of operative fact.  But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one

>  judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  The Seventh Circuit Court of Appeals has echoed the Supreme Court's holding in *Gibbs,* interpreting the statutory language of section 1367(a) as contemplating that "[t]wo claims are part of the same case or controversy if they derive from a *common nucleus of operative facts*," and noting that "[a] loose factual connection between the claims is generally sufficient."  *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (emphasis added) (quotations omitted).

The Board argues that S.R. Trucking's state law claims do not share a common nucleus of operative facts with either the Board's underlying claim or the claim that S.R. Trucking asserts under 29 U.S.C. § 186 of the LMRA, thereby precluding attachment of supplemental jurisdiction.  [Dkt. 25 at 8-10.]  As the Board correctly points out, a factual connection between its claim, which arises out of a failed payroll compliance audit, and S.R. Trucking's state law claims for fraud, defamation, and tortious interference with a business relationship, is virtually non-existent.

Notwithstanding the fact that some, if not all, of the claims asserted by S.R. Trucking appear to arise out of actions taken by some party other than the Board, the operative facts surrounding the Board's claim are wholly distinct from, and unrelated to, the actions which form the basis of S.R. Trucking's state law claims.  To be sure, S.R. Trucking alleges in Count I (Fraud) that with respect to its administration of the Fund, the Board misrepresented its compliance with ERISA and mishandled S.R. Trucking's contributions.  [Dkt. 25 at 16.]  In Count II (Defamation), S.R. Trucking alleges that "representatives" of the Board defamed S.R. Trucking.  [*Id.*]  Specifically, S.R. Trucking asserts that Jim Cahill, a member of the Board, made statements in the presence of S.R. Trucking's colleagues accusing S.R. Trucking of being "guilty of wage vio-

lations." [*Id.* at 17.] Finally, Count III (Tortious Interference) alleges that "Teamsters Joint Council No. 69, Teamsters Local No. 716 and James Cahill," [*id.*], interfered with S.R. Trucking's business relationship with non-union "owner-operators." [*Id.* at 17-18.] However, S.R. Trucking then proceeds to assert that the actions which caused the allegedly tortious interference were perpetrated by the Union, with no further allegations of any tortious acts committed by the Board. [Dkt. 25, at 18, ¶¶ 139-140.]

Lastly, the Court acknowledges that it has original jurisdiction over Count IV of S.R. Trucking's counterclaims, wherein it asserts a claim under 29 U.S.C. § 186 of the LMRA. [*Id.* at 18-29.] However, the assertion of this claim does nothing to facilitate supplemental jurisdiction over S.R. Trucking's state law claims. When the state law claims are juxtaposed with the LMRA claim, it is apparent that the factual connection is no less tenuous than when compared to the Board's underlying claim. The thrust of S.R. Trucking's LMRA claim is that the manner in which certain contributions it is required to make to the Fund are calculated violates section 186. The Court is not convinced that these alleged wrongful contribution demands have even a loose factual connection with S.R. Trucking's claims for fraud, defamation, and tortious interference with its business relationships.

Accordingly, the Court finds that because S.R. Trucking's state law claims do not share a sufficient factual connection with either the Board's underlying claim or S.R. Trucking's claim under 29 U.S.C. § 186, the Court has no basis for exerting supplemental jurisdiction over the state law claims. Therefore, the Court must dismiss S.R. Trucking's state law claims for lack of subject-matter jurisdiction.

### B. Failure to State a Cognizable Claim

As noted above, in Count IV of its counterclaims, S.R. Trucking asserts that the Board has violated 29 U.S.C. § 186(b)(1) of the LMRA by demanding fixed-rate contributions from S.R. Trucking on behalf of non-employee drivers. [Dkt. 25 at 18-19.] However, the Board urges the Court to dismiss this claim on the basis that S.R. Trucking has failed to state a claim upon which relief may be granted. [Dkt. 55 at 15.] The Board advances three arguments in support of its motion for dismissal under Federal Rule of Civil Procedure 12(b)(6). [*Id.* at 15-19.]

First, the Board argues that S.R. Trucking's claim lacks a sufficient amount of factual allegations to withstand a motion to dismiss under Rule 12(b)(6). [*Id.* at 16-17.] Next, the Board argues that if the Court finds that S.R. Trucking's claim is well-pleaded, the alleged "illegal payments" are exempted under 29 U.S.C. § 186(c). [*Id.* at 17-18.] Lastly, the Board asserts that even if the payments complained of are not exempted, 29 U.S.C. § 186(e) "does not afford a cause of action for recovery or repayment of improperly paid contributions." [*Id.* at 18-19.] For the reasons stated below, the Board's motion is denied in part and granted in part.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. at 1949 (2009) (quotation omitted). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley*, 671 F.3d at 617 (7th Cir. 2011) (citation omitted). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson*, 673 F.3d at 633 (7th Cir. 2012) (quotation omitted).

Section 186(a)(1) of the LMRA prohibits payments by employers "to any representative of any of his employees…." 29 U.S.C. § 186(a)(1). The statute further states that "[i]t shall be unlawful for any person to request, demand, receive, or accept…any money…prohibited by sub-

section (a) of this section." 29 U. S. C. § 186(b)(1).  However, the statute provides an exception for contributions "paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer…(or of such employees…jointly with the employees of other employers making similar payments…)…." 29 U.S.C. § 186(c)(5).  Additionally, the statute declares that "[t]he term 'employee'…shall not include…any individual having the status of an independent contractor…." 29 U.S.C. § 152(3).

The Seventh Circuit Court of Appeals has interpreted these statutory provisions as prohibiting "payments by employers to employee trust funds on *behalf of*, or *for the benefit of*, anyone ineligible to receive benefits from those funds." *Illinois Conference of Teamsters & Employers Welfare Fund v. Mrowicki*, 44 F.3d 451, 460 (7th Cir. 1994) (emphasis added).  However, in *Walsh v. Schlecht,* 429 U.S. 401, 407 (1977), the U.S. Supreme Court held that employment status is irrelevant when an employer's trust fund contributions are based off of the number of hours worked by non-employees, rather than simply "on behalf of" or "for the benefit of" such non-employees.  The Seventh Circuit Court of Appeals has embraced this view under circumstances analogous to the instant case.

In *Mazzei v. Rock N Around Trucking, Inc.,* 246 F.3d 956, 962 (7th Cir. 2001), the trustee of a multiemployer benefits plan brought an ERISA claim against a trucking company, alleging that pursuant to the terms of the parties' collective bargaining agreement, the trucking company was obligated to make certain contributions *on behalf of* "owner-drivers."  After observing that a provision in a collective bargaining agreement requiring an employer to make "trust fund contributions based on the hours worked at a job site by individuals other than its employees" does not violate section 186 of the LMRA, the court turned to the manner in which the trucking company's contributions were calculated.  *Id.* (citations and quotations omitted).  The parties' collective

bargaining agreement stated that the trucking company was required to make contributions "for each employee covered by this Agreement who performs work on any two calendar days in any calendar week, *regardless of the number of hours worked.*" *Id.* (citation omitted).

Because the amount of each contribution was based on a fixed number of days worked, rather than by hours worked, the court held that "the employment status of [the trucking company's] owner-drivers will determine the legality of the contributions under the LMRA." *Id.* (alteration in original). The court ultimately found the owner-drivers to be independent contractors, thereby rendering the terms of the parties' collective bargaining agreement requiring contributions on behalf of the owner-drivers to be a violation of section 186. *Id.* at 965-66.

Accepting all well-pleaded facts as true and drawing all permissible inferences in favor of S.R. Trucking, the Court finds that S.R. Trucking has pled sufficient factual allegations to establish a claim for relief that is plausible on its face. Accordingly, the Board's motion to dismiss Count IV of S.R. Trucking's counterclaims is denied.

The final argument the Board asserts is that S.R. Trucking is seeking improper relief for the Board's alleged violation of 29 U.S.C. § 186. [Dkt. 55 at 18-19.] The Board urges the Court to strike S.R. Trucking's request for "a claw-back of all money placed in the pension fund for the benefit of owner-operators who contributed to the Plaintiff's pension," as the only relief available to S.R. Trucking under section 186 is injunctive relief from future violations. [*Id.*] The Court agrees.

The statutory language of section 186 unambiguously states that district courts "shall have jurisdiction…to *restrain violations* of this section…." 29 U.S.C. § 186(e). Indeed, the Seventh Circuit Court of Appeals has affirmed the propriety of interpreting this provision narrowly. *See Employing Plasterers' Ass'n of Chicago v. Journeymen Plasterers' Protective & Benev. Soc.*

*of Chicago, Local No. 5*, 279 F.2d 92, 97 (7th Cir. 1960) (opining that section 186(e) "is aimed primarily at the prevention of possible abuse and not at providing a remedy for abuse actually perpetrated"). Accordingly, the relief available to S.R. Trucking for its claim under 29 U.S.C. § 186 is limited to injunctive relief from ongoing and future violations.

## IV.
### CONCLUSION

For the reasons explained herein, the Court **GRANTS IN PART AND DENIES IN PART** the Board's Motion to Dismiss Counts One, Two, Three and Four of Defendant's Counterclaim. The motion is granted with respect to the Board's 12(b)(1) motion for dismissal of S.R. Trucking's state law claims for lack of subject-matter jurisdiction, but denied with respect to the Board's 12(b)(6) motion for dismissal of Count IV of S.R. Trucking's counterclaims. Additionally, the Court limits S.R. Trucking's potential recovery under Count IV to injunctive relief.

07/25/2013

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to counsel of record.**