UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BOARD OF TRUSTEES OF THE TEAMSTERS LO-      )
CAL UNION NO. 716 PENSION FUND,             )
     *Plaintiff*,                              )
                                            )        1:12-cv-00493-JMS-MJD
     *vs*.                                     )
                                            )
STONES & RHODES TRUCKING CO. INC., AN       )
INDIANA CORPORATION,                        )
     *Defendant*.                              )

## ORDER

Presently pending before the Court is a Motion for Sanctions filed by Counter-Defendant Board of Trustees of the Teamsters Local Union No. 716 Pension Fund (the "Board"). [Dkt. 56.] For the following reasons, the Court GRANTS the Board's Motion.

## I.
### BACKGROUND

On July 1, 2007, Counter-Plaintiff Stones & Rhodes Trucking Co., Inc., ("S.R. Trucking") entered into a collective bargaining agreement with Teamsters Local Union No. 716 (the "Union"), which acts as the bargaining representative of S.R. Trucking's union employees. [Dkt. 1-1.] By executing the collective bargaining agreement, S.R. Trucking also became bound to a pre-existing trust agreement, [dkt. 25-3.], which had established a pension plan for union employees. [Dkt. 1-1 at 12.] The pension fund ("Fund"), which is administered by the Board, receives contributions from multiple employers, thereby qualifying it as a multiemployer plan under 29 U.S.C. § 1002 of the Employee Retirement Income Security Act ("ERISA"). [Dkt. 25-3 at 8.]

In April 2012, the Board filed an action against S.R. Trucking, alleging one count of breach of contract based upon S.R. Trucking's failure to furnish the requested payroll records to

the Board's designated auditor.  [Dkt. 1.]  In August 2012, S.R. Trucking filed Defendant's Counter-Claims Against Plaintiff Board of Trustees of the Teamsters Local Union No. 716 Pension Fund, asserting three state law claims and one federal claim against the Board.  [Dkt. 25.] The Board responded by filing the motion presently before the Court, [dkt. 54.], and its accompanying Memorandum of Law in Support of Plaintiff's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss Counts One, Two, Three and Four of Defendant's Counterclaims.  [Dkt. 55.]  S.R. Trucking failed to submit a timely response to the Board's motion, compelling the Court to take notice of the provisions of Local Rule 7-1, which state in pertinent part that "[t]he court may summarily rule on a motion if an opposing party does not file a response within the deadline." S.D. Ind. L.R. 7-1(c)(5).

In the Court's Order on the Board's Motion to Dismiss Counts One, Two, Three, and Four of Defendant's Counterclaims, also issued this day, the Court granted the majority of the Board's motion, dismissing all but a portion of Count Four.  The Court will now address the Board's Motion for Sanctions against S.R. Trucking, in which the Board argues that S.R. Trucking's now-dismissed counterclaims were frivolous, demonstrated an ignorance of the law, and are sanctionable under Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927.  [Dkts. 56; 57.]

## II.
### DISCUSSION

### A.  Sanctions Under 28 U.S.C. § 1927

Section 1927 provides that a lawyer "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010).  The purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.

*Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005).  An award under § 1927 is compensatory, not punitive.  *Shales v. General Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009).

Bad faith is required for a § 1927 award, but there is a distinction between subjective and objective bad faith.  *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006).  Subjective bad faith, which is more difficult to prove, is not always necessary and "must be shown only if the conduct under consideration had an objectively colorable basis."  *Id.*  Objective bad faith does not require a finding of malice of ill will; instead, reckless indifference to the law will qualify.  *Id.*  The Court has discretion to impose § 1927 sanctions when an attorney has acted in an objectively unreasonable manner by pursuing a claim that is without a plausible legal or factual basis.  *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006).  Additionally, § 1927 imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable." *Id.*

As the Board correctly points out, courts have long held that § 1927 sanctions are appropriate where a litigant's claims are foreclosed by existing law and the attorney reasonably should have known that the claims were foreclosed.  *See Webb v. Bd. of Trs. Of Ball State Univ.*, 2001 U.S. Dist. LEXIS 6779 (S.D. Ind. Mar. 30, 2001).  As is made clear in the Court's Order on the Board's Motion to Dismiss Counts One, Two, Three, and Four of Defendant's Counterclaims, also issued this day, the majority of S.R. Trucking's counterclaims were preempted by ERISA, and the lack of factual or legal basis to support those counterclaims render them objectively unreasonable.  By proceeding on those counterclaims, even after requests from the Board that they be voluntarily dismissed and warnings during conferences with Magistrate Judge Dinsmore

about their potentially sanctionable nature, S. R. needlessly prolonged litigation and increased costs to all parties.  Accordingly, the Court awards sanctions pursuant to 28 U.S § 1927.

### B.  Sanctions Under Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11 provides the following, in relevant part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

Fed R. Civ. P. 11.  Where grounds for sanction exist, the Court has a duty, not an option, to sanction the opposing party.  *Chambers v. United States*, 501 U.S. 32 (1991).

The Seventh Circuit has held that Rule 11 sanctions are appropriate against an attorney when he has demonstrated an ignorance of existing law.  *Borowski v. De Pay, Inc., Div. of Boehringer Mannheim Co.,* 850 F.2d 297 (7th Cir. 1988).  Here, as detailed in the Court's contemporaneously issued Order on the Board's Motion to Dismiss Counts One, Two, Three, and Four of Defendant's Counterclaims, the law is well-established concerning the preemption of state-law claims by ERISA when relating to an ERISA Plan.   Given the lack of complexity of the issues, the reasonable amount of time afforded counsel to research the relevant facts and law, *see Brown v. Federation of State Medical Boards of the United States*, 830 F.2d 1429 (7th Cir. 1987), as well as the failure by S.R. Trucking's counsel to heed Magistrate Judge Dinsmore's warning that the claims may be deemed sanctionable, the Court grants the Board's motion for Rule 11 sanctions against counsel for S.R. Trucking.  *See Borowski*, 850 F.2d at 297 (noting that "courts generally impose sanctions entirely on counsel when the attorney has failed to research the law or is responsible for sharp practice.").

### III.
#### CONCLUSION

For the reasons explained herein, the Court **GRANTS** the Board's Motion for Sanctions Against S.R. Trucking pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11. [Dkt. 56.]  The amount of the fees recoverable is limited to those expended in pursuit of the successful arguments that resulted in the dismissal of Counts I, II, and III.  Consistent with the foregoing directive, the Court grants the Board leave to file a Bill of Attorney's Fees and Costs pursuant to Local Rule 54.1.

07/25/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only to counsel of record.**