| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE | ) | |
| TEAMSTERS LOCAL UNION NO. 716 | ) | |
| PENSION FUND, | ) | |
| *Plaintiff*, | ) | 1:12-cv-00493-JMS-MJD |
| | ) | |
| *vs.* | ) | |
| | ) | |
| STONES & RHODES TRUCKING INC., | ) | |
| *Defendant.* | ) | |

## ENTRY

Presently pending before the Court is the Plaintiff's Motion for Summary Judgment [dkt. 83]. The Defendant has failed to respond, and the time for doing so has passed. The Court may therefore summarily rule on the Plaintiff's motion pursuant to Local Rule 7-1(c)(4) and relevant precedent, as Defendant's silence results in waiver of any argument in opposition to the Plaintiff's motion.. See *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (" Failure to respond to an argument – as [Defendant has] done here – results in waiver"); *Goodpaster v. City of Indianapolis*, --- F.3d ---, 2013 U.S. App. LEXIS 23924, *27-28 (7th Cir. 2013) (affirming the district court's dismissal of three claims as waived because the party "failed to present evidence or argument in favor of them," and stating "[t]hey also failed to respond to the City's arguments against these claims in their reply to the City's motion to dismiss. Because they did not provide the district court with any basis to decide their claims, and did not respond to the City's arguments, these claims are waived"). Based on the evidence presented in support of Plaintiff's motion, and given the lack of any response, judgment in the Plaintiff's favor is proper.

Specifically, Plaintiff has established the following undisputed facts: On July 1, 2007, Defendant entered into a Collective Bargaining Agreement ("CBA") negotiated between De-

fendant and the Coal, Ice, Building Material, Supply Drivers, Riggers, Heavy Haulers, Warehousemen and Helpers, Local Union No. 716, an affiliate of the International Brotherhood of Teamsters ("Local 716"). Pursuant to the provisions of the CBA, Defendant is required to submit contributions to the Plaintiff Fund to be held in trust for the benefit of certain individuals. Defendant failed to do so, and failed to submit the requisite records to Plaintiff to permit a precise calculation. Plaintiff conducted an independent audit of Defendant's payroll records to determine the amount owed. The auditor estimated, based upon application of a reasonable formula necessitated by Defendant's failure to either maintain or provide the requisite records, that the amount of unpaid contributions is $219,037.21. Defendant's failure also subjects it to liability for liquidated damages in the amount of $21, 903.72, plus interest on the unpaid amounts, which totals $32,049.95. Finally, the Agreement requires Defendant to pay Plaintiff the cost of the audit which was necessitated by Defendant's failure to properly maintain records in the amount of $29,620.84, as well as its reasonable attorney fees, which the Court finds to be $33, 417.65. Defendant breached its agreement with the Plaintiff, and the above-stated damages are owed.

Finally, Defendant asserted a cross-claim against Plaintiff, challenging the propriety of certain claimed unpaid contributions as violating federal statute. Plaintiff has demonstrated the propriety of those contributions in its summary judgment brief, and again, Defendant has offered no response. Accordingly, judgment in Plaintiff's favor on the Counterclaim is likewise appropriate.

Plaintiff is entitled to judgment in its favor and against Defendant as follows:

1. $219,037.21 in unpaid contributions as revealed by the payroll compliance audit;
2. $21,903.72 in reasonable liquidated damages;
3. $32,049.95 in interest charges;
4. $29,620.84 in auditor's fees; and
5. $33,417.65 in reasonable attorney's fees.

Judgment shall issue accordingly.

IT IS SO ORDERED.

01/15/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert D. Cheesebourough
ruaneagle@aol.com

Charles Frank Albrecht
JOHNSON & KROL, LLC
charles@johnsonkrol.com

Dennis R. Johnson
JOHNSON & KROL, LLC
johnson@johnsonkrol.com

Jeffrey A. Krol
JOHNSON & KROL, LLC
jeffkrol@johnsonkrol.com

Jessica L. Adelman
JOHNSON & KROL, LLC
adelman@johnsonkrol.com

Joseph E. Mallon
JOHNSON & KROL, LLC
mallon@johnsonkrol.com

William P. Callinan
JOHNSON & KROL, LLC
callinan@johnsonkrol.com